ESTATE OF NIESEN: KAMMEL, Respondent, vs. NICOLAI and others, Appellants.

*November 7—December 3, 1957.*

For the appellants Arvel Nicolai and Betty Nicolai there were briefs by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Leonard F. Roraff.*

For the appellants John Niesen and Frank Niesen there were briefs by *Otto M. Schlabach,* and oral argument by *William J. Sauer,* both of La Crosse.

For the respondent there was a brief and oral argument by *Frank H. Grover* and *Lawrence M. Engelhard,* both of La Crosse.

BROWN, J.  No one testified that he saw Edward Niesen execute the will or that he, himself, acted as witness. A Mr. Wachlin, who was interested in a possible loan on the farm, testified that he inquired from Mr. Niesen whether the Nicolais had a written lease of the farm on which they lived. Mr. Niesen said they had something better and showed to Wachlin a two-page document bearing Niesen's signature and entitled "Last Will and Testament of Edward Niesen."

Wachlin said the first paragraph devised the farm to the Nicolais on condition that they would run the farm and keep him. The actual paragraph does not make the devise conditional, but recites those services as already rendered. Mr. Wachlin did not see, or did not remember, whether there were any other names signed to the paper. He said he was not interested in other names. He was shown Exhibit 18 containing the same information about the devise and legacy and signed by Niesen and Sheehan and he would not state and could not recall whether that paper or one just like it was what Niesen showed him rather than a will itself.

Another witness testified that Niesen told him that he had fooled the Nicolais and had never signed the will containing the devise to them.

Neither Mr. Sheehan nor his secretary had any recollection that Mr. Niesen executed the will which Mr. Sheehan prepared for him. Since the original, unexecuted, will remained in Sheehan's file it supports an inference that there was no execution.

The Nicolais stress the attestation clause of the draft which recites that the things necessary to the execution of a will have been done, and they say that from such recitations a presumption arises that these things were done. This contention has no merit until it is established that subscribing witnesses signed the attestation clause.

The court found that the so-called will of March 30, 1954, had not been executed. It found that the will of April 29, 1948, was executed according to law and had not been revoked. It granted probate to that instrument.

We must sustain the trial court. We consider there was a failure of proof of due execution of the 1954 "will," but even if there was sufficient evidence to permit a finding of due execution it is far from being so strong as to compel one. At the most an issue of fact was raised and the trial court's determination is not against the great weight and

clear preponderance of the evidence. Therefore, it must stand. *Estate of Fuller* (1957), 275 Wis. 1, 81 N. W. (2d) 64.

This leaves the 1948 will as a valid, unrevoked, last will, as found by the court and embodied in the judgment.

There was a great deal of preliminary controversy over the right of Lucy Kammel to propound the 1954 document and later to appear as an objector to it and some space in the appellants' brief and appendix is devoted to it. Inasmuch as the trial court held with the appellants and struck out Kammel's objections no prejudice resulted to them, anyway. Kammel's original petition propounded both the 1954 instrument and the will of 1948 and asked first for the admission of the 1954 one or, in the alternative, for the probate of the 1948 will. We do not find her procedure was improper.

*By the Court.*—Judgment affirmed.